IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| WILDEARTH GUARDIANS<br>516 Alto Street<br>Santa Fe, New Mexico 87501<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR<br>OFFICE OF THE SECRETARY<br>1849 C Street NW<br>Washington, D.C. 20240<br><br>    Defendant. | Case No. 1:17-cv-2512 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. Defendant United States Department of the Interior, Office of the Secretary ("Office of the Secretary") has wrongfully withheld records responsive to requests made by Plaintiff WildEarth Guardians ("Guardians") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*

2. Guardians requested records relating to an order issued by the Secretary of the Interior, called Secretarial Order 3354, "Supporting and Improving the Federal Onshore Oil and Gas Leasing and Federal Solid Mineral Leasing Program." In this order, the Secretary seeks to increase exploration and development of federal oil, gas, and coal. The effects of Secretarial Order 3354 stand to be detrimental to the health of the public and the environment. Secretarial Order 3354 seeks to promote federal oil, gas, and coal leasing at the expense of necessary precautions and considerations. Secretarial Order

1

3354 stands to undermine protection of the climate, human and environmental health, fish and wildlife, public lands, and clean energy development.

3.  Contrary to FOIA, the Office of the Secretary failed to make a determination on Guardians' FOIA requests within the time limits required by the statute and failed to produce any of the records sought. Guardians requests an order declaring that the Office of the Secretary has violated FOIA, directing the Office of the Secretary to make a determination on Guardians' FOIA requests, and compelling the Office of the Secretary to immediately provide Guardians with the records it has requested by a date certain.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty).

5.  This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

6.  This Court has authority to award costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

7.  Venue is appropriate under 5 U.S.C. § 552(a)(4)(B). Venue is also appropriate under 28 U.S.C. § 1391 because defendant is an agency of the United States with its primary office in Washington, D.C., and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## PARTIES

8. Plaintiff WildEarth Guardians ("Guardians") is a non-profit conservation organization dedicated to protecting and restoring the wildlife, wild places, wild rivers, and health of the American West. Guardians has offices in Colorado, Montana, New Mexico, Arizona, Washington, and Oregon. With more than 183,000 members and supporters, Guardians works to sustain a transition from fossil fuels to clean energy in order to safeguard the West. The records sought in this action are requested in support of these efforts.

9. Guardians works in furtherance of its goals in part by acquiring information regarding federal programs and activities through FOIA. Guardians then compiles and analyzes that information and, subsequently, disseminates that information to its membership, the general public, and public officials through various sources including publications, reports, its website and newsletter, general news media coverage, and public presentations. Guardians' successful efforts at educating the public on issues concerning federal government programs and activities that affect the environment contribute significantly to the public's understanding of governmental operations and activities. Guardians also uses the information that it acquires through FOIA to participate in federal decision-making processes, to file administrative appeals and civil actions, and generally to ensure that federal agencies comply with federal environmental laws.

10. Guardians, its staff, or one or more of its members are directly injured by the Office of the Secretary's failure to comply with the statutory requirements of FOIA and a favorable outcome of this litigation will redress that injury. Guardians brings this action on behalf of itself, its staff, and its members.

11. Defendant United States Department of the Interior, Office of the Secretary ("Office of the Secretary") is an agency as defined by 5 U.S.C. § 552(f)(1). FOIA charges the Office of the Secretary with the duty to provide public access to records in their possession. The Office of the Secretary has possession of the records sought by Guardians. The Office of the Secretary is denying Guardians access to its records in contravention of federal law.

## FACTUAL AND LEGAL BACKGROUND

12. FOIA requires federal agencies to "determine within 20 days . . . after the receipt of any [FOIA] request whether to comply with such request and . . . immediately notify the person making such request of . . . such determination and the reasons therefor[.]" 5 U.S.C. § 552(a)(6)(A)(i)(I).

13. On July 7, 2017, Guardians submitted a FOIA request to the Office of the Secretary. Guardians' FOIA request was for any and all records concerning or relating to Secretarial Order 3354, "Supporting and Improving the Federal Onshore Oil and Gas Leasing Program and Federal Solid Mineral Leasing Program," which was signed July 6, 2017 by Secretary of the Interior Ryan Zinke.

14. On August 14, 2017, Guardians received confirmation from the Office of the Secretary that it received Guardians' FOIA request and that its request was being processed. The Office of the Secretary assigned the number "OS-2017-00816" to the request.

15. The Office of the Secretary stated that because of the need to consult with one or more bureaus of the Department of the Interior to properly process Guardians' FOIA request, the Office of the Secretary would be taking an extension of ten workdays to

make a determination, citing 43 C.F.R. § 2.19. For the same reason, the Office of the Secretary stated it would be placing the request under the "Complex" processing track, 43 C.F.R. § 2.15. The Office of the Secretary did not describe any further "unusual circumstances" meriting an extension of the deadline for making a determination on Guardians' request. The Office of the Secretary did not request that Guardians limit the scope of its FOIA request or agree to an alternative time period for processing the request. The Office of the Secretary did not provide a date certain upon which it expected the request to be processed.

16. Having received no further communications from the Office of the Secretary related to its FOIA request, on October 4, 2017, Guardians sent an email to the Office of the Secretary FOIA Officer inquiring about the status of its July 7, 2017, request.

17. On October 6, 2017, the Office of the Secretary FOIA Officer responded via email stating that the agency was "still coordinating with the program offices to receive" the documents, and that the Office of the Secretary would begin processing the request as soon as all potentially responsive records have been received. The email did not provide a date certain for making a determination on Guardians' request or for disclosing records responsive to Guardians' request.

18. Having still having not received further communications related to its July 7, 2017, request, on November 17, 2017, Guardians sent a second follow-up email to the FOIA Officer inquiring about the status of its request.

19. On November 20, 2017, the Office of the Secretary FOIA Officer responded via email stating that the agency was still "waiting to receive all responsive records." The

email did not provide a date certain for making a determination on Guardians' request or for disclosing records responsive to Guardians' request.

20. To date, the Office of the Secretary has not made a determination on Guardians' July 7, 2017 FOIA, request or disclosed records responsive to its request.

21. On August 22, 2017, Guardians submitted a second FOIA request to the Office of the Secretary. Guardians' second FOIA request was for "any and all records documenting, discussing, and/or describing in any way the report(s) required to be made by the Assistant Secretary — Land and Minerals Management to the Counselor to the Secretary for Energy Policy pursuant to Section 4(a)(1) of Secretarial Order 3354, which was issued on July 6, 2017 by the Secretary of the Interior."

22. On August 30, 2017, Guardians received confirmation from the Office of the Secretary that it received Guardians' second FOIA request and that its request was being processed. The Office of the Secretary assigned the number "OS-2017-01075" to the request.

23. The Office of the Secretary stated that because of the need to consult with one or more field facilities or other establishments separate from its office in order to properly process Guardians' second FOIA request, the Office of the Secretary would be taking an extension of ten workdays to make a determination, citing 43 C.F.R. § 2.19. For the same reason, the Office of the Secretary stated it would be placing the request under the "Complex" processing track, 43 C.F.R. § 2.15. The Office of the Secretary did not describe any further "unusual circumstances" meriting an extension of the deadline for making a determination on Guardians' second request. The Office of the Secretary did not request that Guardians limit the scope of its second FOIA request or agree to an

alternative time period for processing the request. The Office of the Secretary did not provide a date certain upon which it expected the request to be processed.

24. Having received no further communications from the Office of the Secretary related to its second FOIA request, on October 4, 2017, Guardians sent an email to the Office of the Secretary FOIA Officer inquiring about the status of its August 22, 2017, request.

25. On October 6, 2017, the Office of the Secretary FOIA Officer responded via email stating that the agency was "still coordinating with the program office to receive all documents," and that the Office of the Secretary would begin processing the request as soon as all potentially responsive records have been received. The email did not provide a date certain for making a determination on Guardians' second request or for disclosing records responsive to Guardians' second request.

26. Having still having not received further communications related to its August 22, 2017, request, on November 16, 2017, Guardians sent a second follow-up email to the FOIA Officer inquiring about the status of its request.

27. On November 17, 2017, the FOIA Officer responded to Guardians' November 16, 2017, inquiry via email, stating the agency was still "waiting to receive all records and [has] no estimated date of completion."

28. To date, the Office of the Secretary has not made a determination on Guardians' August 22, 2017, FOIA request or disclosed records responsive to its request.

29. More than ninety-four days have passed since Guardians submitted its July 7, 2017, FOIA request to the Office of the Secretary.

30.     More than sixty-three days have passed since Guardians submitted its August 22, 2017, FOIA request to the Office of the Secretary.

31.     Guardians has fully exhausted its administrative remedies for its July 7, 2017, FOIA request to the Office of the Secretary.

32.     Guardians has fully exhausted its administrative remedies for its August 22, 2017, FOIA request to the Office of the Secretary.

33.     Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits of FOIA, as provided in 5 U.S.C. § 552(a)(6)(C)(i). Guardians now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

## FIRST CLAIM FOR RELIEF

**Violation of FOIA – Failure to Make a Determination on Guardians' First FOIA Request Within the Statutory Time Frame**

34.     Guardians incorporates all the allegations in this complaint by this reference.

35.     The Office of the Secretary's failure to make a determination on Guardians' July 7, 2017, FOIA request (number OS-2017-00816) within the time frame required by FOIA is a constructive denial and wrongful withholding of the records Guardians requested in violation of FOIA, 5 U.S.C. § 552.

36.     Guardians is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for the Office of the Secretary's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

## SECOND CLAIM FOR RELIEF

**Violation of FOIA – Failure to Make a Determination on Guardians' Second FOIA Request Within the Statutory Time Frame**

37. Guardians incorporates all the allegations in this complaint by this reference.

38. The Office of the Secretary's failure to make a determination on Guardians' August 22, 2017, FOIA request (number 2017-01075) within the time frame required by FOIA is a constructive denial and wrongful withholding of the records Guardians requested in violation of FOIA, 5 U.S.C. § 552.

39. Guardians is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for the Office of the Secretary's violations of FOIA. 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Guardians respectfully requests that this Court:

A. Declare that the Office of the Secretary has violated FOIA by wrongfully withholding the records Guardians requested in its first FOIA request;

B. Order the Office of the Secretary to make a determination on Guardians' first FOIA request and to provide Guardians with all wrongfully withheld records;

C. Declare that the Office of the Secretary has violated FOIA by wrongfully withholding the records Guardians requested in its second FOIA request;

D. Order the Office of the Secretary to make a determination on Guardians' second FOIA request and to provide Guardians with all wrongfully withheld records;

E. Maintain jurisdiction over this action until the Office of the Secretary complies with FOIA and every order of this Court;

F. Award Guardians its costs and reasonable attorney fees incurred in prosecuting this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

G. Grant such other and additional relief as the Court deems just and proper.

Respectfully submitted on the 20th day of November, 2017.

/s/ Kelly E. Nokes
Kelly E. Nokes (Bar No. MT0001)
WildEarth Guardians
P.O. Box 7516
Missoula, MT 59807
(406) 209-9545
knokes@wildearthguardians.org


/s/ Neil S. Kagan
Neil S. Kagan (Bar No. MI0078)
WildEarth Guardians
80 S.E. Madison Street, Ste. 210
Portland, OR 97214
(503) 828-7098
nkagan@wildearthguardians.org